837 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Brent T. LAKE, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, FEDERAL AVIATION
ADMINISTRATION, Respondent.
 No. 87-3401.
 United States Court of Appeals, Federal Circuit.
 Dec. 15, 1987.
 
 Before RICH, Circuit Judge, NICHOLS, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board) in No. CH07528610107, vacating the initial decision of the presiding official (now Administrative Judge) and dismissing the appeal, is affirmed.
 
 OPINION
 
 2
 Petitioner, Brent T. Lake, challenges the board's finding that his request for reassignment and demotion was voluntary because the August 1 moratorium did not apply to him. The board found that the agency's decision to decertify Lake was based on his entire training record, not just the August 15 operational error, despite the presiding official's finding that the agency's testimony on this point was not credible. The board also found that, even if Lake was decertified because of the August 15 error, the presiding official did not give due deference to the agency's interpretation of its own moratorium which, in the agency's view, did not cover Lake's situation.
 
 
 3
 While the board is not bound by the presiding official's findings, neither is it free to simply disagree with his assessment of credibility. Jackson v. Veterans Admin., 786 F.2d 1325, 1331 (Fed.Cir.1985). The board must articulate a sound reason, based on the record, for its contrary evaluation of the evidence. Id. The issue is whether the board's evaluation of the evidence is reasonable, i.e., supported by substantial evidence, taking into consideration the findings of the presiding official who heard the witnesses. See id. at 1332.
 
 
 4
 The presiding official's decision that the August 15 operational error led to Lake's demotion was based only in part on the demeanor of the witnesses. The presiding official also had before him documentary evidence, including written training reports. These reports indicate that Lake made several dozen errors during his retraining, including two occasions where he failed to maintain proper separation between aircraft, one of which resulted in the August 15 error. The testimony the board relied on, although not credited by the presiding official, is consistent with this documentary evidence as well as one other key fact on which the board specifically relied: Lake's supervisor testified that it was he, not Lake, who was charged with the August 15 error. Thus, even considering the presiding official's contrary credibility determinations, the board's finding that the agency's decision was not based solely on the August 15 error, but on Lake's overall training failure, is supported by substantial evidence.
 
 
 5
 As to the scope of the moratorium, Lake argues that "the board concluded that the agency's witnesses' testimony on this score was inherently more persuasive than Mr. Lake's." While the presiding official also doubted the agency officials' testimony on this point, there is more than credibility at issue. The board found the agency officials' testimony more persuasive because they were in a position to know--it was their policy. Lake's views on the subject, credible witness or not, were hardly relevant. The board interpreted the moratorium consistently with the agency's intent, which was to substitute training for punishment for minor operational errors detected by the automated system, not to prevent decertification of a controller already being retrained. Thus, despite the presiding official's disbelief in the testimony of the agency officials before him, we cannot say that the board's interpretation is unsupported by substantial evidence.
 
 
 6
 In an attempt to cover all the bases, Lake argues that even if the moratorium did not apply to him, he could have reasonably believed that it did, and thus was entitled to consider it in making his decision. We cannot accept, however, that information which could only form the basis of a mistaken belief, no matter how reasonable, is essential to an informed decision. Because it has been determined that the moratorium did not apply to Lake, the agency had no obligation to inform him of it.
 
 
 7
 Thus, we affirm the board's decision that it lacked jurisdiction because Lake's requested reassignment and demotion was voluntary. Accordingly, we need not reach the issue of the timeliness of the appeal.